IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHANE VAN DUSEN,

    **Plaintiff,**

    v.                                                CASE NO. 23-3119-JWL

WILLIAM CULLINS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Montgomery County Jail in Independence, Kansas ("MCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. On May 18, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC"), directing Plaintiff to show good cause why his Complaint should not be dismissed and granting Plaintiff an opportunity to file an amended complaint to cure the deficiencies. Plaintiff has filed an Amended Complaint (Doc. 4). The underlying facts and the Court's screening standards are set forth in the Court's MOSC.

Plaintiff asserts claims relating to his state criminal proceedings and child custody proceedings. Plaintiff is dissatisfied with his defense counsel and seeks a change of venue for his child custody proceedings.

Plaintiff also makes claims about the conditions at the MCJ. He claims he was called a "douchebag," missed his "hour out" on four occasions, and the floor was replaced due to having black mold under the flooring. (Doc. 4, at 21–24.) Plaintiff claims the ventilation system was not working, but started working again on May 17, 2023. *Id.* at 24. Plaintiff also alleges that he suffered panic attacks while housed in protective custody, a shower had standing water and is backed-up, and he was told maintenance would have to pour bleach down a shower drain after an

inmate vomited into the drain.  Plaintiff also claims that the "bean holes" in the cell doors are only cleaned every few days.  *Id*. at 27.  Plaintiff claims that the first week he experienced panic attacks his blood pressure was monitored, but now when he suffers from a panic attack he is just told to "stay calm and try to calm down."  *Id*. at 28.

Plaintiff claims that the facility is not cleaned properly and the medical needs of the inmates, along with mental health, needs to be monitored better.  *Id*. at 29.  Plaintiff argues that regular inspections need to be conducted.  *Id*.

Plaintiff names Montgomery County, Kansas, as the sole defendant in his Amended Complaint. For relief, Plaintiff seeks a "complete investigation into involved entitites (Montgomery District Court), proper training @ MGSO/MGDOC, DCF OSHA/Health Department audit/inspection, monetary compensation for mental/physical anguish & have state audit and inspection (health & safety emergency)."  *Id*. at 31.

The Court finds that Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC.  The Court ordered Plaintiff to show good cause why the Court should not abstain from hearing his claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues."  *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."  *Buck*, 244 F. App'x at 197 (citing *Crown*

*Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)). Plaintiff has failed to show good cause why the *Younger* doctrine does not require the Court to abstain from hearing his claims relating to his state proceedings.

Plaintiff's claims regarding his conditions of confinement at the MCJ fail to rise to the level of a constitutional violation.  A prison official violates the Eighth Amendment when two requirements are met.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "First, the deprivation alleged must be, objectively, 'sufficiently serious.'"  *Id*.  To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm."  *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). Plaintiff has failed to allege that he is incarcerated under conditions posing a substantial risk of serious harm.

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834.  Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety.  *Id*.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'"  *Id*.  It is not enough to establish that the official should have known of the risk of harm.  *Id*.

The Court found in the MOSC that Plaintiff has not alleged a constitutional violation by any staff at the MCJ and he fails to state a failure to train claim.  Plaintiff has failed to name any individual from the MCJ as a defendant, and has therefore failed to allege "deliberate

indifference" by any defendant. Instead, Plaintiff claims that Defendant Montgomery County employs the other defendants and is responsible for a failure to train. "[A] failure-to-train claim may not be maintained . . . without a showing of a constitutional violation by the allegedly un-, under-, or improperly-trained officer." *Valdez v. Macdonald*, 66 F.4th 796, 813 at n.14 (10th Cir. 2023) (citations omitted); *see also Estate of Burgaz v. Bd. of Cty. Comm'rs*, 30 F.4th 1181, 1189 (10th Cir. 2022) ("[T]o be held liable for either a failure-to-train or failure-to-supervise claim, an individual officer (or deputy) must have committed a constitutional violation.") (citations omitted); *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1317 (10th Cir. 1998) (stating that "failure to train claims, like their basic excessive force claim against the individual officers, requires a predicate showing that the officers did in fact use excessive force").

The Court granted Plaintiff an opportunity to file an amended complaint in which he names proper defendants and cures the deficiencies set forth in the MOSC. Plaintiff's Amended Complaint fails to cure those deficiencies. The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim." (Doc. 3, at 11.) Therefore, this matter is dismissed for failure to state a claim.

The Court previously granted Plaintiff's motion for leave to proceed in forma pauperis. Therefore, his current motion for leave to proceed in forma pauperis (Doc. 6) is denied as moot. Plaintiff has also filed a motion for appointment of counsel (Doc. 5). In light of the dismissal of this case, the motion is likewise denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 6) and motion for appointment of counsel (Doc. 5) are **denied as moot.**

**IT IS FURTHER ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated June 13, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**